IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-HC-2130-M-RJ

| | |
|---|---|
| RODNEY ELROY COBBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA and ) | |
| TABOR CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondents. ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Also before the court are petitioner's motions for leave to proceed in forma pauperis [D.E. 5], for vacated sentence [D.E. 9, 10], for court order for return of property [D.E. 14], and for default judgment [D.E. 15].

Absent a valid excuse, state prisoners must exhaust all available state-court remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (noting exhaustion doctrine is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). North Carolina prisoners may satisfy the habeas exhaustion requirement by either 1) directly appealing convictions to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or 2) filing a motion for appropriate relief ("MAR") and then petitioning the North Carolina Court

of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1415, 15A-1422. A federal habeas petitioner bears the burden of proving a claim was exhausted. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994), cert. denied, 513 U.S. 1047 (1994).

On January 30, 2024, a jury convicted petitioner of second-degree forcible rape, second-degree forcible sex offense, and intimidating a witness. (Pet. [D.E. 4] at 1–2). Petitioner indicates he appealed, and his appeal remains pending. (Id. at 2). Petitioner has not satisfied § 2254's exhaustion requirement. Moreover, the court has considered whether to hold the proceedings in abeyance pending exhaustion of state-court remedies. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Rhines v. Weber, 544 U.S. 269, 275, 278 (2005). Petitioner, however, has not presented circumstances warranting a stay.

Because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

Based on the foregoing, the petitioner is DISMISSED WITHOUT PREJUDICE and a certificate of appealability is DENIED. Petitioner's motions [D.E. 5, 9, 10, 14, 15] are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of March, 2025.

RICHARD E. MYERS, II
Chief United States District Judge